UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MARIA GARCIA ARGUELLO COSBY,**

    **Plaintiff,**

v.                                                             CASE NO.

**MHM HEALTH PROFESSIONALS, LLC**
**d/b/a CENTURION OF FLORIDA,**

    **Defendant.**
_____/

## NOTICE OF REMOVAL

Defendant MHM Health Professionals, LLC f/k/a MHM Health Professionals, Inc. ("MHMHP"),[1] by and through its undersigned counsel, hereby gives notice of the removal of the above-styled action to the United States District Court for the Northern District of Florida, Panama City Division, and states as follows:

### I.

### INTRODUCTION

1. This action is being removed pursuant to 28 U.S.C. § 1441(a) and (b) and 28 U.S.C. § 1332(a).

---

[1] MHMHP was converted from a corporation to a limited liability company effective December 31, 2018.

ACTIVE 48775797v1

2. On August 16, 2019, a Complaint was filed in the Circuit Court of the Fourteenth Judicial Circuit in and for Washington County, Florida, by Plaintiff Maria Garcia Arguello Cosby ("Cosby") against "MHM Health Professionals, LLC DBA Centurion of Florida."[2]

3. Cosby alleges discrimination based on national origin in violation of the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*, and retaliation in violation of the FCRA and § 448.101, *et seq.*, *Florida Statutes*.

4. On January 29, 2020, Cosby served Plaintiff's Verified Answers to Defendant's First Set of Interrogatories.

## II.

## **PREREQUISITES TO REMOVAL**

5. Written notice of the filing of this Notice of Removal has been given to all parties in this action, and a copy of the Notice of Removal will be filed promptly with the Clerk of Circuit Court of the Fourteenth Judicial Circuit in and for Washington County, Florida.

6. A true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind on file in the Circuit Court Action is attached as **Composite Exhibit "A."**

---

[2] MHMHP does not do business as "Centurion of Florida."

### III.

### VENUE

7. Venue is proper in this Court because this action is being removed from Washington County Circuit Court which lies within the Northern District of Florida, Panama City Division. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

### IV.

### DIVERSITY JURISDICTION

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### V.

### DIVERSITY CITIZENSHIP

9. Under 28 U.S.C. § 1441(b), a defendant may only remove an action from state court to federal court if the federal court would possess original jurisdiction over the subject matter. In the case at bar, the source of original jurisdiction is 28 U.S.C. § 1332, which grants federal district courts

jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between…citizens of different states."

10. Plaintiff is domiciled in Florida. *See* Compl. at ¶ 3.

11. MHMHP is a Delaware limited liability company with its principal place of business where its officers direct, control, and coordinate its activities at 1593 Spring Hill Rd., Suite 610, Vienna, Virginia. MHM Services, Inc. is the sole member of MHMHP. MHM Services, Inc. is a Delaware corporation with its principal place of business where its officers direct, control, and coordinate its activities at 7700 Forsyth Boulevard, St. Louis, Missouri. *See* **Exhibit "B" at ¶¶ 4, 5 and 6.**

## VI.

## AMOUNT IN CONTROVERSY

12. Plaintiff seeks legal and equitable relief including but not limited to, compensation for lost wages and benefits, attorneys' fees and costs, and injunctive relief. *See* Compl., ¶¶ 53, 60, and 67. Plaintiff also alleges that the damages are continuing and permanent. *See* Compl., ¶¶ 53 and 60.

13. As noted above, On January 29, 2020, Cosby served Plaintiff's Verified Answers to Defendant's First Set of Interrogatories, in which Plaintiff

stated that her total economic damages are "87,230.72." Plaintiff also alleged that she is:

> [] entitled to damages relating to mental anguish, emotional distress, depression, anger, escalated levels of stress, feelings of helplessness, embarrassment, humiliation, loss of capacity for the enjoyment of life, and illness. I submit that the decision how much to award for these damages belongs to the jury and to the jury alone.
> I also claim entitlement to attorneys' fees and costs in this matter.
> Lost pay increases and bonuses, where applicable.
> Reinstatement of Plaintiff's position, pay, fringe benefits, and tenure.
> Plaintiff also seeks to recover front pay and back pay, as may be applicable.
> Injunctive relief and other equitable relief as allowed by law.
> Other damages may be made known to Plaintiff during the course of this action.

See **Exhibit "C."**

14. 28 U.S.C. § 1446 (b) provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

15. Accordingly, this action became removable when Cosby served Plaintiff's Verified Answers to Defendant's First Set of Interrogatories and is being removed "within thirty days after receipt by the defendant … of a copy of … other paper" from which MHMHP first "ascertained that the case is one which … has become removable." 28 U.S.C. § 1446 (b). *See Field v. Nat'l Life Ins. Co.*, 2001 U.S. Dist. LEXIS 5451 (M.D. Fla. Jan. 22, 2001) ("Plaintiff's answers to Defendant's interrogatories qualify as an "other paper" so as to trigger the removal provisions of § 1446(b)"); *see also Johnson v. Leevers Supermarket, Inc.*, 2019 U.S. Dist. LEXIS 126640 (S.D. Fla. July 30, 2019) ("Answers to discovery requests—including responses to requests for admission and interrogatories—constitute "other paper" pursuant to the statute. *Lowery v. Ala Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007) (*citing Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989) and *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)))").

**WHEREFORE,** Defendant MHM Health Professionals, LLC removes the above-styled action now pending against it in the Circuit Court of the Fourteenth Judicial Circuit in and for Washington County, Florida, to the United States District Court for the Northern District of Florida, Panama City Division.

Respectfully submitted,

/s/Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard
Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 27, 2020, the foregoing document was sent electronically to:

Marie A. Mattox
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
marie@mattoxlaw.com
michelle2@mattoxlaw.com
marlene@mattoxlaw.com

/s/Catherine H. Molloy
Attorney