EXHIBIT A





New Search   Expand All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 672019CA000150CAAXMX [19000150CAAXMX] | 08/16/2019 | Circuit Civil 3-D | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 08/16/2019 | DISCRIMINATION EMPLOYMENT/OTHER | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| REGISTER, TIMOTHY ALLEN | JUDGE | | |
| ARGUELLO COSBY, MARIA GARCIA    Search This Party | PLAINTIFF | ELLIS, ADAM JAMES | 35628 |
| MHM HEALTH PROFESSIONALS LLC D    Search This Party | DEFENDANT | PAGE, CAYLA MCCREA | 1003487 |

**Dockets**

Page : 1    ALL ▼

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 26 | 02/13/2020 | REQUEST FOR FIRST INTERROGATORIES TO DEFENDANT | 4 |
| | 25 | 02/13/2020 | REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT | 6 |
| | 24 | 02/13/2020 | Plaintiff Attorney: Adam James Ellis Assigned to MARIA GARCIA ARGUELLO COSBY | |
| | 23 | 02/13/2020 | NOTICE OF APPEARANCE AND DESIGNATION OR PRIMARY AND SECONDARY EMAIL ADDRESSES ADAM@MATTOXLAW.COM | 2 |
| | 22 | 02/12/2020 | NOTICE OF SERVICE OF DEFENDANTS REQUEST FOR ADMISSIONS TO PLAINTIFF MARIA GARCIA ARGUELLO COSBY | 2 |
| | 21 | 01/29/2020 | PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION | 7 |
| | 20 | 01/29/2020 | NOTICE OF SERVING OF PLAINTIFF'S VERIFIED ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES | 1 |
| | 19 | 11/21/2019 | NOTICE OF SERVICE OF DEFENDANTS FIRST SET OF INTERROGATORIES TO PLAINTIFF MARIA GARCIA ARGUELLO COSBY | 2 |
| | 18 | 10/28/2019 | ORDER GRANTING MOTION TO APPEAR BY PHONE | 2 |
| | 17 | 10/24/2019 | MOTION TO ATTEND HEARING BY TELEPHONE | 2 |
| | 16 | 10/23/2019 | NOTICE OF HEARING | 2 |
| | 15 | 10/23/2019 | Event HEARING scheduled on 1/6/2020 at 0915 AM, CH - Judge TIMOTHY REGISTER presiding. | |
| | 14 | 10/07/2019 | NOTICE OF READINESS FOR JURY TRIAL | 2 |
| | 13 | 09/23/2019 | ANSWER/COUNTER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS COMPLAINT | 11 |
| | 10 | 09/12/2019 | Defendant Attorney: RICHARD C MCCREA JR Assigned to MHM HEALTH PROFESSIONALS LLC DBA CENTURION OF FLOR | |
| | 12 | 09/11/2019 | NOTICE OF APPEARANCE CO-COUNSEL | 2 |
| | 11 | 09/11/2019 | NOTICE OF APPEARANCE MCCREAR@GTLAW.COM | 2 |
| | 9 | 09/11/2019 | MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS COMPLAINT | 3 |
| | 5 | 08/19/2019 | Payment received: $410.00 Receipt Number 19 19004645 | |

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 4 | 08/19/2019 | Assessment 1 Total Assessed $410.00 Balance Remaining $0.00 | |
| | 2 | 08/19/2019 | Judge: Assigned | |
| | 8 | 08/16/2019 | SUMMONS ISSUED FOR MHM HEALTH PROFESSIONALS LLC EMAILED TO ATTORNEY | 1 |
| | 7 | 08/16/2019 | COMPLAINT MARIE@MATTOXLAW.COM | 12 |
| | 6 | 08/16/2019 | CIVIL COVER SHEET | 2 |
| | 3 | 08/16/2019 | Assessment 1 assessed at sum $410.00 | |
| | 1 | 08/16/2019 | Case 672019CA000150CAAXMX Filed with Clerk on 8/16/2019 | |

| Judge Assignment History | |
|---|---|

| Court Events | |
|---|---|

| Financial Summary | |
|---|---|

| Reopen History | |
|---|---|

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.   **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FOURTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>WASHINGTON</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

Plaintiff

vs.

Defendant

II.   **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐   Business governance
  - ☐   Business torts
  - ☐   Environmental/Toxic tort
  - ☐   Third party indemnification
  - ☐   Construction defect
  - ☐   Mass tort
  - ☐   Negligent security
  - ☐   Nursing home negligence
  - ☐   Premises liability – commercial
  - ☐   Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐   Commercial foreclosure $0 - $50,000
  - ☐   Commercial foreclosure $50,001 - $249,999
  - ☐   Commercial foreclosure $250,000 or more
  - ☐   Homestead residential foreclosure $0 – 50,000
  - ☐   Homestead residential foreclosure $50,001 - $249,999
  - ☐   Homestead residential foreclosure $250,000 or more
  - ☐   Non-homestead residential foreclosure $0 - $50,000
  - ☐   Non-homestead residential foreclosure $50,001 - $249,999

- ☐   Non-homestead residential foreclosure $250,00 or more
- ☐   Other real property actions $0 - $50,000
- ☐   Other real property actions $50,001 - $249,999
- ☐   Other real property actions $250,000 or more

- ☐   Professional malpractice
  - ☐   Malpractice – business
  - ☐   Malpractice – medical
  - ☐   Malpractice – other professional
- ☒   Other
  - ☐   Antitrust/Trade Regulation
  - ☐   Business Transaction
  - ☐   Circuit Civil - Not Applicable
  - ☐   Constitutional challenge-statute or ordinance
  - ☐   Constitutional challenge-proposed amendment
  - ☐   Corporate Trusts
  - ☒   Discrimination-employment or other
  - ☐   Insurance claims
  - ☐   Intellectual property
  - ☐   Libel/Slander
  - ☐   Shareholder derivative action
  - ☐   Securities litigation
  - ☐   Trade secrets
  - ☐   Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
    ☒   Monetary;
    ☒   Non-monetary declaratory or injunctive relief;
    ☒   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (    )**
    (Specify)

    <u>1</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐   Yes
    ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒   No
    ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒   Yes
    ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Marie A Mattox</u>       FL Bar No.: <u>739685</u>
    Attorney or party                    (Bar number, if attorney)

<u>Marie A Mattox</u>       <u>08/16/2019</u>
    (Type or print name)                Date

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR WASHINGTON
COUNTY, FLORIDA

MARIA GARCIA ARGUELLO COSBY,     CASE NO.: 19-CA-
                                         FLA BAR NO.: 0739685

     Plaintiff,

v.

MHM HEALTH PROFESSIONALS, LLC
DBA CENTURION OF FLORIDA

     Defendant.

_____/

## COMPLAINT

Plaintiff, MARIA GARCIA ARGUELLO COSBY, hereby sues Defendant, MHM

HEALTH PROFESSIONALS, LLC DBA CENTURION OF FLORIDA, and alleges:

### NATURE OF THE ACTION

1.     This is an action brought under Chapters 760 and 448, Florida Statutes.

2.     This action involves claims which are, individually, in excess of Fifteen Thousand

Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3.     At all times pertinent hereto, Plaintiff, MARIA GARCIA ARGUELLO COSBY,

has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member

of a protected class due to her National Origin and she was retaliated against after reporting

Defendant's unlawful employment practices.

4.     At all times pertinent hereto, Defendant, MHM HEALTH PROFESSIONALS,

LLC DBA CENTURION OF FLORIDA, has been organized and existing under the laws of the

State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that

term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.     Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff, a Hispanic, Costa Rican born female, began her employment with Defendant in or about April, 2013 and held the position of Mental Health Professional until her termination on May 18, 2018.

7.     Despite her outstanding work performance during her employment with Defendant, Plaintiff was subjected to a hostile work environment, disparate treatment, different terms and conditions of employment, and was held to a different standard because of her national origin, and because she reported Defendant's unlawful employment activities and was subject to retaliation thereafter. Moreover, Plaintiff became the victim of retaliation after she engaged in constitutionally protected speech.

8.     The disparate treatment and retaliation came at the hands of specifically but not limited to Health Services Administrator Tara Johnson, Health Services Administrative Assistant Brandy Blocker, and Human Resources Director Sarah Brus.

9.     Plaintiff has been treated less favorably than her co-workers due to her national origin and for reporting the behavior of Ms. Tara Johnson, compared specifically but not limited to Mr. Francis Buss, Mr. (f/n/u) Jones, Mr. (f/n/u) Alderman, Ms. (f/n/u) Stalnaker, Ms. (f/n/u)

2

Thompkins, Ms. Brandy Blocker, Ms. Mindy Smith and Ms. Caitlyn Ruddy who are all U.S. born.

10.   Plaintiff was also victim of targeted and continuous contrived dress code charges by Tara Johnson occurring on 12/8/19, 12/12/16, 3/30/17, 4/5/17, 4/7/17, 5/17/18 and continuing until Plaintiff's forced termination.

11.   On April 6, 2017 Mrs. Johnson also gave Plaintiff a contrived warning for using profanity in the workplace, claiming "someone in Medical Records heard you saying God damn it yesterday" which plaintiff vehemently denied.

12.   Ms. Johnson later told Health Services Administrative Assistant Brandy Blocker that Plaintiff "is a big cunt" in front of prior employee Dr. Vendryes.

13.   Even if Johnson's accusation were true, it illustrates that Defendant failed to hold Mrs. Johnson to the same standards by which Plaintiff was held.

14.   On April 7, 2017 Plaintiff filed a formal complaint against Administrator Johnson wherein she reported disparate treatment including due to her "ethnicity, cultural values...." in the form of being singled for contrived warnings.

15.   Plaintiff also reported that Johnson was selling diet pills to employees at work and solicited Plaintiff to assist in this behavior against company policy, DOC policy, and various laws.

16.   In retaliation, Johnson intensified her targeting of Plaintiff and assassinated her professional character through repeated contrived allegations of wrongdoing in an effort to have Plaintiff terminated or to force Plaintiff to resign by subjecting her to a hostile work environment.

3

17.     By way of example, on April 13, 2017 Ms. Johnson issued another contrived warning to Plaintiff for her dress code violation.

18.     Multiple investigations have occurred as a result of these types of contrived allegations and Defendant is in possession of several witness statements and photographs of the clothing which allegedly violated the policies.

19.     Defendant declined to do the same when Plaintiff notified Johnson of a violation of the dress code by Ms. Johnson's assistant Ms. Mindy Smith, who is U.S. born, for wearing flip-flop style sandals.

20.     Not only was the dress code policy not enforced for U.S. born Ms. Smith, Plaintiff was told via e-mail by Human Resources Director Ms. Sarah Brus that "it is not your place to determine whether or not another employee is compliant with policy."

21.     Despite this seemingly flexible application of the company dress code it was applied rather harshly to Plaintiff to support the April warning, despite the senior psychologist Dr. Mason attesting in writing on May 4, 2018 (substantiated by two witnesses from security) that there were no issues with Plaintiff's outfit.

22.     Despite Johnson's coordinated efforts to assassinate Plaintiff's character, Plaintiff received a glowing performance evaluation by her direct supervisor Saba Adhal on June 22, 2017.

23.     The review emphasized Plaintiff's positive attitude, attention to detail, "outside the box thinking... and excellent clinical skills" dubbing Plaintiff "an asset to NWFRC".

24.     Plaintiff received this glowing review during and after the contrived allegations took place, it is highly suspect that such allegations, if found to be accurate, would not have merited specific mentioning in such a review by Plaintiffs direct supervisor.

4

25. On March 13, 2018 the Regional Director Kathleen Douin asked administrative assistant Angie Bush if Ms. Bush was leaving due to Ms. Johnson, indicating that other senior management employees, specifically Ms. Douin were aware of Ms. Johnson's hostile behavior.

26. Ms. Johnson specifically has a history of using contrived charges, unequal application of rules/procedures, and open hostility to drive employees away from the company as evidenced by the various accounts numerous prior employees provided by former administrative assistant Ms. Angie Bush in her letter of resignation dated March 15, 2018.

27. Ms. Johnson also specifically requested Mr. Francis Buss and Ms. (f/n/u) Stalnaker to falsify, embellish, or rewrite statements against Plaintiff and others.

28. Ms. Johnson also enlisted her assistant Brandy Blocker to press employees for "better" written statements, one of which Ms. Blocker requested from Mr. Francis Buss regarding Plaintiff. Ms. Blocker threatened to report Mr. Buss with the DOC major if she would not write an incident report against plaintiff.

29. Defendant also targeted Hispanic employees Dr. Roman, Dr. Bayolo, and Dr. Cordero and subjected them to similar disparate treatment in the form of contrived allegations prompting them to resign, be terminated, or be relocated.

30. By way of another example, on May 4, 2018 Ms. Johnson gave a final warning (which Plaintiff refused to sign for incorrectness) to Plaintiff for an alleged incident occurring on April 30, 2018 wherein Plaintiff allegedly called an officer by the wrong name, after being corrected, Ms. Johnson alleges that Ms. Cosby stated "you all look alike" as a racial slur towards African-Americans.

31. The May 4, 2018 final warning also included contrived charges of late arrival time and unplanned paid days off (PDO) which were inaccurately reported to Human Resources

5

by Ms. Mindy Smith, and were later refuted in writing by Ms. Lisa Lynch who confirmed Plaintiff had 6.15 hours of PTO not accounted for by Ms. Johnson or her assistants.

32.     This also demonstrate disparate treatment by Defendant, who allowed employees Mr. Francis Buss, Ms. (f/n/u) Stalnaker, and Ms. (f/n/u) Thompkins, (all of whom are U.S. born) to utilize flex-time worked after 4:30 or on weekends in order to make up the time when they arrived late or left early, as was common practice in the workplace.

33.     Plaintiff was never once allowed to account for her time worked after 4:30 while under Mrs. Johnson.

34.     Plaintiff notified Human Resources Director Ms. Sarah Brus and Regional Director Ms. Kathleen Douin that she believed this to be retaliation in the form of a contrived allegation by Mrs. Johnson for the complaint Plaintiff had filed against her.

35.     In the complaint Plaintiff filed, she alleged retaliation, discrimination, hostile work environment, use of contrived allegations of racial slurs and potential manipulation of personal time card and or PDO misuse with Defendant's complaint department as well and submitted the complaint to Mr. Jesse Shipley.

36.     Plaintiff also notified Ms. Brus that Ms. Johnson also made unsubstantiated allegations that Plaintiff was "terrorizing" her co-workers and that she had several complaints which to date had not been brought to Plaintiff's attention nor indicated on her performance evaluation.

37.     Ms. Brus responded by e-mail noting that she had found the racial slur claim to be credible despite the fact that Sergeant officer in question admitted to Plaintiff that he was the one who made the comment "Oh that's ok we all look alike".

6

38.    Sergeant Johnson who was present for the incident in question, and personally wrote a note to certify that Plaintiff had never used any types of racial slurs in his presence.

39.    On May 18, 2018 at approximately 11:35 a.m. Plaintiff was humiliatingly and forcibly escorted off of the premises due to contrived allegation of not following proper DOC policies related to inmate referral for further evaluation for psychiatric assessment.

40.    Plaintiff had referred a patient to Dr. Mason the day before, Dr. Mason refused to see the patient and when Plaintiff attempted to e-mail Dr. Mason about the referral, Dr. Mason went to Ms. Johnson and Ms. Blocker.

41.    Health Services Administrative Assistant Brandy Blocker called security captain Flemming after refusing to provide Plaintiff with a written statement to leave the premises while under a final warning which was necessary to avoid termination.

42.    Ms. Blocker told Plaintiff "We don't need to accommodate you, we will send you notice."

43.    Plaintiff has reasonably interpreted this forcible and humiliating removal from the premises as termination.

44.    On May 18, 2018 Plaintiff sent a letter to Defendant regarding the termination, stating that Plaintiff was resigning under duress if Defendant determined the forced removal not to have been termination.

45.    Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## NATIONAL ORIGIN DISCRIMINATION

46.    Paragraphs 1 through 45 are realleged and incorporated herein by reference.

7

47.   This is an action against Defendant for discrimination based upon national origin brought under Chapter 760, Florida Statutes.

48.   Plaintiff has been the victim of discrimination on the basis of Plaintiff's national origin in that Plaintiff was treated differently than similarly situated employees of Defendant who are born and raised in the United States and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's national origin.

49.   Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

50.   Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

51.   In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were based on Plaintiff's national origin and in violation of the laws set forth herein. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

52.   Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon national origin in violation of Chapter 760, Florida Statutes.

8

53.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## RETALIATION

54.    Paragraphs 1 through 45 are realleged and incorporated herein by reference.

55.    Defendant is an employer as that term is used under the applicable statutes referenced above.

56.    The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

57.    The foregoing unlawful actions by Defendant were purposeful.

58.    Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

59.    Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

60.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the

9

enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT III
## VIOLATION OF CHAPTER 448, FLORIDA STATUTES

61.     Paragraphs 1-45 are re-alleged and incorporated herein by reference.

62.     This is an action brought under §448.101, et seq., Florida Statutes.

63.     As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in violation of state and/or federal laws.

64.     After Plaintiff objected, Defendant fired her. Plaintiff was terminated after she objected to and/or refused to participate in practices of Defendant that were in violation of one or more laws, rules or regulations.

65.     Plaintiff was terminated because she engaged in certain behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of the Defendant which is in violation of a law, rule, or regulation and/or reported the violation and gave the Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

66.     The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

67.     As a direct and proximate cause of Plaintiff's participation in the Whistle Blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)      that process issue and this Court take jurisdiction over this case;

(b)      that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)      enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)      enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)      enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)      award Plaintiff interest where appropriate; and

(g)      grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 16th day of August 2019.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

12

Filing # 94333719 E-Filed 08/16/2019 10:53:12 PM

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR WASHINGTON
COUNTY, FLORIDA

**MARIA GARCIA ARGUELLO COSBY,**

    **Plaintiff,**

v.

**MHM HEALTH PROFESSIONALS, LLC.**
**d/b/a CENTURION OF FLORIDA,**

    **Defendant.**

                      /

CASE NO.: 19-CA 150
FLA BAR NO.: 0739685

*MBM 1369*
*8/22/19*

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **MHM HEALTH PROFESSIONALS, LLC**
    **C/O C T CORPORATION SYSTEM – REGISTERED AGENT**
    **1200 SOUTH PINE ISLAND ROAD**
    **PLANTATION, FL 33324**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _August 19_, 2019.

                      CLERK OF THE CIRCUIT COURT

                      By: _____

8/19/2019 11:04:52 AM Lora C. Bell

Filing # 94333719 E-Filed 08/16/2019 10:53:12 PM

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR WASHINGTON
COUNTY, FLORIDA

MARIA GARCIA ARGUELLO COSBY,

CASE NO.: 19-CA 150
FLA BAR NO.: 0739685

Plaintiff,

v.

MHM HEALTH PROFESSIONALS, LLC.
d/b/a CENTURION OF FLORIDA,

**SUMMONS**

Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

MHM HEALTH PROFESSIONALS, LLC
C/O C T CORPORATION SYSTEM – REGISTERED AGENT
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

Each defendant is required to serve written defenses to the complaint or petition on Marie A. Mattox, P. A., Plaintiff's attorney, whose address is 203 North Gadsden Street, Tallahassee, FL 32301, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ___August  19___, 2019.

CLERK OF THE CIRCUIT COURT

By: _____

8/19/2019 11:04:52 AM Lora C. Bell

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR WASHINGTON COUNTY, FLORIDA

MARIA GARCIA ARGUELLO COSBY,

     Plaintiff,

v.                          CASE NO. 19-CA-150

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION OF FLORIDA,

     Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION
## OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant MHM Health Professionals, LLC, by and through its undersigned counsel, hereby moves for a brief extension of time to serve its response to the Complaint, up to and including September 18, 2019.

1.    This action arises out of Plaintiffs' former employment with Defendant. Plaintiffs filed her Complaint on or about August 16, 2019, alleging national origin discrimination and retaliation in violation of the Florida Civil Rights Act, Chapter 760, *Fla. Stat.*, as well as retaliation in violation of Florida Whistleblower Act, *Fla. Stat.* § 448.01, *et seq.*

2.    Defendant was served with a copy of the Summons and Complaint on August 22, 2019. Accordingly, Defendant's response to the Complaint is currently due on September 11, 2019.

3.    While Defendant has been diligently working to respond to Plaintiff's Complaint, other professional obligations have prevented the undersigned from

finalizing Defendant's response.   Accordingly, the undersigned requires a brief extension to complete its response.

4.     This motion is being made in good faith and is not being interposed for purposes of delay.

5.     No party will be prejudiced by this requested brief extension of time.

6.     The undersigned certifies that she conferred with Plaintiff's counsel with regard to the relief sought herein, and Plaintiff does not oppose the relief requested.

WHEREFORE, for the foregoing reasons, MHM Health Professionals, LLC respectfully requests that the Court enter an order extending the time within which Defendant may file the responsive pleading to Plaintiff's Complaint, up to and including September 11, 2019.

Respectfully submitted,

/s/Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL  33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
Attorneys for Defendant

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic mail this 11th day of September 2019 to:

Marie A. Mattox
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL  32303
Marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

/s/Catherine H. Molloy
Attorney

Filing # 95561226 E-Filed 09/11/2019 05:22:34 PM

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR WASHINGTON COUNTY, FLORIDA

MARIA GARCIA ARGUELLO COSBY,

     Plaintiff,

v.                            CASE NO. 19-CA-150

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION OF FLORIDA,

     Defendant.

_____/

## NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE** that the undersigned counsel, Richard C. McCrea, Jr., of

the law firm Greenberg Traurig, P.A., hereby appears as counsel for Defendant MHM

Health Professionals, LLC. Undersigned counsel respectfully requests that the plaintiff

serve upon him copies of all pleadings and other papers that she files or serves hereafter

in this action and designates the following primary and secondary service emails:

Primary: mccrear@gtlaw.com

Secondary: ramosr@gtlaw.com

Respectfully submitted,

/s/Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL 33602

*ACTIVE 45636183v1*

(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been

furnished by the e-filing portal and by electronic mail this 11th day of September, 2019 to:

Marie A. Mattox
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32303
Marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

/s/Richard C. McCrea, Jr.
Attorney

2

Filing # 95561414 E-Filed 09/11/2019 05:25:39 PM

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR WASHINGTON COUNTY, FLORIDA

MARIA GARCIA ARGUELLO COSBY,

     Plaintiff,

v.                             CASE NO. 19-CA-150

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION OF FLORIDA,

     Defendant.

_____/

## NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE** that the undersigned counsel, Cayla M. Page, of the law firm Greenberg Traurig, P.A., hereby appears as co-counsel for Defendant MHM Health Professionals, LLC. Undersigned counsel respectfully requests that the plaintiff serve upon her copies of all pleadings and other papers that she files or serves hereafter in this action and designates the following primary and secondary service emails:

Primary: pagec@gtlaw.com

Secondary: ramosr@gtlaw.com

Respectfully submitted,

/s/Cayla M. Page
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL  33602

(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been

furnished by the e-filing portal and by electronic mail this 11th day of September, 2019 to:

Marie A. Mattox
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL  32303
Marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

/s/Cayla M. Page
Attorney

2

Filing # 96125087 E-Filed 09/23/2019 01:25:28 PM

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR WASHINGTON COUNTY, FLORIDA

MARIA GARCIA ARGUELLO COSBY,

     Plaintiff,

v.                            CASE NO. 19-CA-150

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION OF FLORIDA,

     Defendant.

_____/

## DEFENDANT MHM HEALTH PROFESSIONALS, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant MHM Health Professionals, LLC,[1] by and through its undersigned counsel, hereby answers the correspondingly-numbered paragraphs of the Complaint as follows:

### NATURE OF THE ACTION

1.     MHMHP admits that Plaintiff purports to bring this action pursuant to § 448.101 *et seq.*, *Florida Statutes*, and Chapter 760, *Florida Statutes*, but denies that it violated any of the aforementioned statutes.

2.     MHMHP admits that Plaintiff purports to bring this action for damages in excess of Fifteen Thousand Dollars ($15,000), exclusive of costs and interests, but denies that Plaintiff is entitled to any relief or damages.

### THE PARTIES

3.     MHMHP admits it employed Plaintiff and that she is a member of a protected class because of her national origin.   MHMHP is without knowledge or

---

[1] MHM Health Professionals, LLC is incorrectly identified in the Complaint as "MHM Health Professionals, LLC DBA Centurion of Florida." MHM Health Professionals, LLC does not do business as Centurion of Florida.

*ACTIVE 45676938v1*

information sufficient to form a belief as to the truth of the allegations of this paragraph with regard to Plaintiff's residency, therefore, they are denied. MHMHP otherwise denies the allegations of this paragraph.

4.      MHMHP admits that it is a Delaware corporation with its principal place of business in Vienna, Virginia.   MHMHP further admits it is an employer and that it employed Plaintiff.  MHMHP otherwise denies the allegations of this paragraph.

## CONDITIONS PRECEDENT

5.      MHMHP admits that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the Equal Employment Opportunity Commission.  MHMHP otherwise denies the allegations of this paragraph.

## STATEMENT OF THE ULTIMATE FACTS

6.      MHMHP is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's ethnicity, national origin, and/or place of birth, therefore, they are denied.  MHMHP admits that Plaintiff is a female and held the position of Mental Health Professional.   MHMHP denies that Plaintiff began her employment with MHMHP in April of 2013 or that Plaintiff was terminated.

7.      MHMHP denies the allegations of this paragraph.

8.      MHMHP denies the allegations of this paragraph.

9.      MHMHP denies the allegations of this paragraph.

10.     MHMHP denies the allegations of this paragraph.

11.     MHMHP admits that, on or about April 6, 2017, Tara Johnson informed Plaintiff that she had received a complaint that Plaintiff used profanity in the workplace. MHMHP otherwise denies the allegations of this paragraph.

2

12.     MHMHP denies the allegations of this paragraph.

13.     MHMHP denies the allegations of this paragraph.

14.     In response to the allegations of this paragraph, MHMHP admits that Plaintiff submitted a complaint regarding Ms. Johnson on April 7, 2017 and further avers that the complaint speaks for itself.   MHMHP otherwise denies the allegations of this paragraph.

15.     In response to the allegations of this paragraph, MHMHP avers that Plaintiff's April 7, 2017 complaint speaks for itself.   MHMHP otherwise denies the allegations of this paragraph.

16.     MHMHP denies the allegations of this paragraph.

17.     MHMHP admits that, on or about April 13, 2017, Plaintiff received a Written Warning for violating the Dress Code for Non-Uniformed Employees DOC Policy 208.003. MHMHP otherwise denies the allegations of this paragraph.

18.     MHMHP admits that Plaintiff submitted photographs of herself to MHMHP and that MHMHP has statements supporting Plaintiff's violation(s) of the dress code. MHMHP otherwise denies the allegations of this paragraph.

19.     MHMHP denies the allegations of this paragraph.

20.     MHMHP admits that Sarah Brus wrote in an email that "it is not your place to determine whether or not another employee is compliant with policy." MHMHP otherwise denies the allegations of this paragraph.

21.     MHMHP denies the allegations of this paragraph.

*ACTIVE 45676938v1*

22.    In response to the allegations of this paragraph, MHMHP avers that Plaintiff's June 2017 performance evaluation speaks for itself.  MHMHP otherwise denies the allegations of this paragraph.

23.    In response to the allegations of this paragraph, MHMHP avers that Plaintiff's June 2017 performance evaluation speaks for itself.  MHMHP otherwise denies the allegations of this paragraph.

24.    MHMHP denies the allegations of this paragraph.

25.    MHMHP denies the allegations of this paragraph.

26.    In response to the allegations of this paragraph, MHMHP avers that Ms. Bush's letter of resignation speaks for itself.  MHMHP otherwise denies the allegations of this paragraph.

27.    MHMHP denies the allegations of this paragraph.

28.    MHMHP denies the allegations of this paragraph.

29.    MHMHP denies the allegations of this paragraph.

30.    MHMHP admits that Ms. Johnson issued Plaintiff a Final Warning on May 4, 2018 after it was reported that Plaintiff called an officer by the wrong name and that, after the officer corrected Plaintiff, Plaintiff said "you all look the same to me," which MHMHP considered a racial slur.   MHMHP otherwise denies the allegations of this paragraph.

31.    MHMHP admits that Plaintiff received a Final Warning on May 4, 2018, in part, for her violation(s) of MHMHP's Time and Attendance policy.  MHMHP otherwise denies the allegations of this paragraph.

32.    MHMHP denies the allegations of this paragraph.

4

33.     MHMHP denies the allegations of this paragraph.

34.     In responses to the allegations of this paragraph, MHMHP admits that Plaintiff submitted a complaint on May 4, 2018 and further avers that the document speaks for itself.  MHMHP otherwise denies the allegations of this paragraph.

35.     In responses to the allegations of this paragraph, MHMHP admits that Plaintiff submitted a complaint on May 4, 2018 and further avers that the document speaks for itself.  MHMHP otherwise denies the allegations of this paragraph.

36.     In responses to the allegations of this paragraph, MHMHP admits that Plaintiff submitted a complaint on May 4, 2018 and further avers that the document speaks for itself.  MHMHP otherwise denies the allegations of this paragraph.

37.     MHMHP admits that Sarah Brus responded by email stating that she "investigated the complaint about the racial slur already and found it to be credible." MHMHP otherwise denies the allegations of this paragraph.

38.     MHMHP is without knowledge as to the allegations of this paragraph, therefore, they are denied.

39.     MHMHP admits that, on May 18, 2018, Plaintiff was asked to go home for the day following an altercation with a superior.  MHMHP otherwise denies the allegations of this paragraph.

40.     MHMHP denies the allegations of this paragraph.

41.     MHMHP admits that after Plaintiff refused to leave the premises, Ms. Blocker called a security staff member to escort Plaintiff off of the premises.  MHMHP otherwise denies the allegations of this paragraph.

42.     MHMHP denies the allegations of this paragraph.

5

43.    MHMHP denies the allegations of this paragraph.

44.    MHMHP admits that Plaintiff resigned on May 18, 2018.  MHMHP otherwise denies the allegations of this paragraph.

45.    MHMHP is without knowledge as to the allegations in the first sentence of this paragraph and, therefore, they are denied. MHMHP otherwise denies the allegations of this paragraph.

## COUNT I

## NATIONAL ORIGIN DISCRIMINATION

46.    MHMHP reasserts and incorporates herein its responses to Paragraphs 1 through 45 above.

47.    MHMHP admits that Plaintiff purports to bring a claim for national origin discrimination against MHMHP pursuant to Chapter 760, *Florida Statutes*.  MHMHP otherwise denies the allegations of this paragraph.

48.    MHMHP denies the allegations of this paragraph.

49.    MHMHP denies the allegations of this paragraph.

50.    MHMHP denies the allegations of this paragraph.

51.    MHMHP denies the allegations of this paragraph.

52.    MHMHP denies the allegations of this paragraph.

53.    MHMHP denies the allegations of this paragraph.

## COUNT II

## RETALIATION

54.    MHMHP reasserts and incorporates herein its responses to Paragraphs 1 through 45 above.

6

55.    Defendant admits the allegations of this paragraph.

56.    MHMHP admits that Plaintiff purports to bring a claim for retaliation against MHMHP pursuant to Chapter 760, *Florida Statutes*. MHMHP otherwise denies the allegations of this paragraph.

57.    MHMHP denies the allegations of this paragraph.

58.    MHMHP denies the allegations of this paragraph.

59.    MHMHP denies the allegations of this paragraph.

60.    MHMHP denies the allegations of this paragraph.

## COUNT III

## VIOLATION OF CHAPTER 448, FLORIDA STATUTES

61.    MHMHP reasserts and incorporates herein its responses to Paragraphs 1 through 45 above.

62.    MHMHP admits that Plaintiff purports to bring a claim under § 448.101, *Florida Statutes*, against MHMHP.

63.    MHMHP denies the allegations of this paragraph.

64.    MHMHP denies the allegations of this paragraph.

65.    MHMHP denies the allegations of this paragraph.

66.    MHMHP denies the allegations of this paragraph.

67.    MHMHP denies the allegations of this paragraph.

## PRAYER FOR RELIEF

MHMHP denies that Plaintiff is entitled to any of the relief requested by Plaintiff.

ACTIVE 45676938v1

## DEMAND FOR TRIAL BY JURY

MHMHP denies that any case or controversy exists so as to entitle Plaintiff to a trial by jury.

## DEFENDANT MHM HEALTH PROFESSIONALS, LLC'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any adverse personnel action taken with respect to Plaintiff was taken for legitimate, non-discriminatory, non-retaliatory reasons and was predicated upon a ground other than, and would have been taken absent, Plaintiff's alleged protected category or exercise of a right protected by the Florida Private Whistleblower Act or Chapter 760, *Florida Statutes.*

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff establishes any unlawful action was taken, which MHMHP denies, MHMHP would have taken the same action and decision in the absence of any alleged unlawful motivating factor.

### THIRD AFFIRMATIVE DEFENSE

Any compensatory or punitive damages are limited to the amounts authorized by the Florida Civil Rights Act, *Fla. Stat.*, §§ 760.01 *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

Any and all alleged adverse employment actions taken by MHMHP, which impacted Plaintiff, were predicated upon and motivated by non-discriminatory, non-retaliatory reasons and as such, Plaintiff cannot prove that such actions were motivated

by discrimination or retaliation or alternatively, that "but for" the alleged discrimination or retaliation the alleged actions would not have been taken.

## FIFTH AFFIRMATIVE DEFENSES

Any alleged unlawful actions by current or former employees of MHMHP were undertaken outside the course and scope of their employment or by third parties, and any such actions cannot form the basis for Plaintiff's purported whistleblower claim because MHMHP has not ratified, authorized, or condoned any such unlawful conduct.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to make reasonable efforts to mitigate her damages, she is not entitled to relief.

## SEVENTH AFFIRMATIVE DEFENSE

After-acquired evidence of Plaintiff's misconduct, if discovered, may bar some or all of Plaintiff's claims, allegations, or alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

MHMHP is entitled to a set-off for, among other things, any amounts recovered by Plaintiff from any collateral source or through her efforts to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are barred, either in whole or in part, by any applicable statute of limitations, Plaintiff is precluded from recovering on those claims.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

9

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because her own acts and omissions proximately caused or contributed to any alleged loss or injury.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to her failure to exhaust her administrative remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

MHMHP denies that Plaintiff is entitled to injunctive or equitable relief.

**WHEREFORE,** Defendant MHM Health Professionals, LLC respectfully requests that judgment be entered in its favor and against Plaintiff, and that it be awarded costs and attorneys' fees incurred in defending this action, as well as such further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/Catherine H. Molloy*
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 3500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant MHM Health Professionals, LLC*

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been

furnished by electronic mail this 23rd day of September, 2019 to:

Marie A. Mattox
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL  32303
Marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

/s/Catherine H. Molloy
Attorney

11

Filing # 96875249 E-Filed 10/07/2019 05:14:02 PM

**IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR WASHINGTON
COUNTY, FLORIDA**

**MARIA GARCIA ARGUELLO COSBY,**          **CASE NO.: 19-CA 150**
                                        **FLA BAR NO.: 0739685**
          **Plaintiff,**

**v.**

**MHM HEALTH PROFESSIONALS, LLC.
d/b/a CENTURION OF FLORIDA,**

          **Defendant.**
_____/

## <u>NOTICE OF READINESS FOR JURY TRIAL</u>

TO:     Richard C. McCrea, Jr.
        GREENBERG TRAURIG, P.A.
        101 E. Kennedy Boulevard, Suite 1900
        Tampa, Florida 33602

        Plaintiff, **MARIA GARCIA ARGUELLO COSBY,** pursuant to Rule 1.440, Florida

Rules of Civil Procedure, gives notice that this cause is at issue and ready to be scheduled for jury

trial. Plaintiff estimates that approximately three (3) days will be required for trial.

                          Respectfully submitted,

                           /s/ Marie Mattox
                          Marie Mattox (FBN: 739685)
                          MARIE A. MATTOX, P.A.
                          203 North Gadsden Street
                          Tallahassee, Florida 32301
                          Primary Email: marie@mattoxlaw.com
                          Secondary Email: marlene@mattoxlaw.com
                          (850) 383-4800 (telephone)
                          (850) 383-4801 (facsimile)

                          ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Readiness for Trial has been furnished to all counsel of record via the Florida E-Filing Portal this 7th day of October, 2019.

/s/ Marie Mattox
Marie Mattox

Filing # 97721556 E-Filed 10/23/2019 10:12:30 AM

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR WASHINGTON COUNTY, FLORIDA

MARIA GARCIA ARGUELLO COSBY,

     Plaintiff,

v.                            CASE NO. 19-CA-150

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION OF FLORIDA,

     Defendant.
_____/

## NOTICE OF HEARING

PLEASE TAKE NOTICE that a hearing has been scheduled on Plaintiff's Notice of

Readiness for Jury Trial on January 6, 2020 at 9:15 a.m. or as soon thereafter as they

may be heard, before the Honorable Timothy Register, Washington County Courthouse,

1293 Jackson Ave., Chipley, Florida 32428.

TIME RESERVED:  15 Minutes

PLEASE GOVERN YOURSELF ACCORDINGLY.

Respectfully submitted,

*/s/Catherine H. Molloy*
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 3500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com

*ACTIVE 46730717v1*

**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL  33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant MHM Health*
*Professionals, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been

furnished by electronic mail this 23rd day of October, 2019 to:

Marie A. Mattox
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL  32303
Marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

/s/Catherine H. Molloy
Attorney

2

Filing # 97829227 E-Filed 10/24/2019 02:58:08 PM

**IN THE CIRCUIT COURT OF THE**
**FOURTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR WASHINGTON**
**COUNTY, FLORIDA**

**MARIA GARCIA ARGUELLO COSBY,**

     **Plaintiff,**

**v.**                             **CASE NO.: 19-CA 150**

**MHM HEALTH PROFESSIONALS, LLC.**
**d/b/a CENTURION OF FLORIDA,**

     **Defendant.**
_____/

<u>**MOTION TO ATTEND HEARING BY TELEPHONE**</u>

     Plaintiff, Maria Garcia Argeuello Cosby, by and through her undersigned attorney, and pursuant to Fla. R. Jud. Admin. 2.530(c), hereby request that Marie A. Mattox, counsel for Plaintiff, be allowed to attend the hearing scheduled for Monday, January 6, 2020 at 9:15 a.m. CT/10:15 a.m. ET, before the Honorable Timothy Register, by telephone and in support therefore states as follows:

1. Marie A. Mattox, requests she be allowed to appear at the hearing by telephone due to travel time and costs.

     **WHEREFORE**, Plaintiff's undersigned counsel hereby requests that she be permitted to appear via telephone for the  January 6, 2020 hearing in said matter.

                                Respectfully submitted,

                                /s/ **Marie A. Mattox**
                                Marie A. Mattox [FBN 0739685]
                                **MARIE A. MATTOX, P.A.**
                                203 North Gadsden St
                                Tallahassee, Florida 32301
                                Primary Email: marie@mattoxlaw.com
                                Secondary Email: michelle@mattoxlaw.com
                                (850) 383-4800 (telephone)
                                (850) 383-4801 (facsimile)
                                *ATTORNEYS FOR PLAINTIFF*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel of record by Florida Courts E-filing Portal this 24th day of October, 2019.

*/s/ Marie A. Mattox*
Marie A. Mattox

cc:   Patty Kelly, Judicial Assistant
       (via email:  kelleyp@jud14.flcourts.org )

Filing # 97933609 E-Filed 10/28/2019 09:22:29 AM

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR WASHINGTON COUNTY, FLORIDA**

**MARIA GARCIA ARGUELLO COSBY,**

     **Plaintiff,**

**v.**                                  **CASE NO.: 19-CA 150**

**MHM HEALTH PROFESSIONALS, LLC.
d/b/a CENTURION OF FLORIDA,**

     **Defendant.**

_____/

<u>**ORDER ON PLAINTIFF'S MOTION TO APPEAR BY TELEPHONE**</u>

     This matter having come before the Court on Plaintiff's Motion to Appear by Telephone for the hearing scheduled for January 6, 2019 at 9:15 a.m. CT, and this Court having reviewed the record and being otherwise fully advised in the premises it is

1. ORDERED AND ADJUDGED that Plaintiff's Motion to Appear by Telephone is Granted.

2. Plaintiff has consulted with counsel for Defendant and there is no objection to this request, Defendant also wishes to appear via-telephone.

3. Plaintiff's counsel is permitted to appear by telephone but must first conference in Defendant's counsel by contacting <u>850-547-1106</u> at least five (5) minutes prior to the hearing time.

     **DONE AND ORDERED** in Chambers, Washington County, Florida, this 28th day of October, 2019.

Timothy Register, Circuit Judge

<u>**CERTIFICATE OF SERVICE**</u>

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been provided by E-Service delivery on this <u>28th</u> day of October, 2019, to the following:

Marie A. Mattox, Esq.
**Marie A. Mattox, PA**
203 North Gadsden St.
Tallahassee, FL 32301
marie@mattoxlaw.com
michelle2@mattoxlaw.com
emerson@mattoxlaw.com

Catherine H. Molloy, Esq.
Richard C. McCrea, Jr., Esq.
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL 33602
mccrear@gtlaw.com
molloyk@gtlaw.com

Filing # 99274843 E-Filed 11/21/2019 03:40:27 PM

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR WASHINGTON COUNTY, FLORIDA

MARIA GARCIA ARGUELLO COSBY,

      Plaintiff,

v.                         CASE NO. 19-CA-150

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION OF FLORIDA,

      Defendant.
_____/

**NOTICE OF SERVICE OF DEFENDANT'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF MARIA GARCIA ARGUELLO COSBY**

**PLEASE TAKE NOTICE** that the original of Defendant's First Set of Interrogatories

to Plaintiff Maria Garcia Arguello Cosby has been furnished by U.S. Mail and a copy by

electronic mail this *Nov. 21st*, 2019 to:

> Marie A. Mattox
> MARIE A. MATTOX, P.A.
> 203 N Gadsden Street
> Tallahassee, FL 32301
> marie@mattoxlaw.com
> michelle2@mattoxlaw.com
> marlene@mattoxlaw.com

Respectfully submitted,

Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 3500
Email: molloyk@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.

101 E. Kennedy Boulevard, Suite 1900
Tampa, FL  33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant MHM Health*
*Professionals, LLC*

Filing # 102447455 E-Filed 01/29/2020 04:27:08 PM

**IN THE CIRCUIT COURT OF THE**
**FOURTEENTH JUDICIAL CIRCUIT**
**IN AND FOR WASHINGTON**
**COUNTY, FLORIDA**

**MARIA GARCIA**
**ARGUELLO COSBY,**                    **CASE NO.: 19-CA-150**

      **Plaintiff,**

**v.**

**MHM HEALTH PROFESSIONALS, LLC**
**d/b/a CENTURION OF FLORIDA,**

      **Defendant.**

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S VERIFIED ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Notice is hereby given that Plaintiff's Verified Answers to Defendant's First Set of Interrogatories have been furnished by electronic mail to counsel for Defendant, CAYLA M. PAGE pagec@gtlaw.com on January 29, 2020.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
marie@mattoxlaw.com
susan@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

Filing # 102447455 E-Filed 01/29/2020 04:27:08 PM

**IN THE CIRCUIT COURT OF THE**
**FOURTEENTH JUDICIAL CIRCUIT**
**IN AND FOR WASHINGTON**
**COUNTY, FLORIDA**

**MARIA GARCIA**
**ARGUELLO COSBY,**                              **CASE NO.: 19-CA-150**

      **Plaintiff,**

**v.**

**MHM HEALTH PROFESSIONALS, LLC**
**d/b/a CENTURION OF FLORIDA,**

      **Defendant.**
_____/

### PLAINTIFF'S RESPONSE TO
### DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Plaintiff, MARIA GARCIA ARGUELLO COSBY, by and through her undersigned

counsel, responds to Defendant's First Request for Production of Documents as follows:

1.    All documents which support, or which you believe tend to support, the allegations of
Paragraph No. 22 of the Complaint that Plaintiff received a "glowing performance evaluation."

**RESPONSE:**
Please see attached.

2.    All documents which support, or which you  believe tend to support, the allegation that
Plaintiff was "subjected to a hostile work environment, disparate treatment, different terms and
conditions of employment, and was held to a different standard because of Plaintiff's national
origin, and because Plaintiff reported Defendant's unlawful employment activities and was
subject to retaliation thereafter" as alleged in Paragraph No. 7 of the Complaint.

**RESPONSE:**
Please see attached.

3.    All documents which support, or which you believe tend to support, Plaintiff's complaint
to Human Resources Director Ms. Sarah Brus and Regional Director Ms. Kathleen Douin
referenced in Paragraph No. 34-35 of the Complaint alleging "retaliation, discrimination, hostile
work environment, use of contrived racial slurs and potential manipulation of personal time card
and or PDQ."

**RESPONSE:**
Please see attached.

4.      All documents which support, or which you believe tend to support, the allegations of Paragraph No. 26 of the Complaint that "Ms. Johnson specifically has a history of using contrived charges, unequal application of rules/procedures, and open hostility to drive employees away from the company as evidenced by the various accounts numerous prior employees provided by former administrative assistant Ms. Angie Bush in her letter of resignation dated March 15, 2018 ."

**RESPONSE:**
Please see attached.

5.      All documents which support, or which you believe tend to support, Plaintiff's allegations contained in Paragraph No. 10 of the Complaint of "targeted and continuous contrived dress code charges by Tara Johnson occurring on 12/8/19, 12/12/16, 3/30/17, 4/5/17, 4/7/17, 5/17/18 and continuing until Plaintiff's forced termination."

**RESPONSE:**
Please see attached. *Also note: Dress code incident request for 12/8/19 is not possible as Plaintiff was terminated in 2018.*

6.      All documents which support, or which you believe tend to support, Plaintiff's allegations contained in Paragraph No. 11 of the Complaint that "[o]n April 6, 2017 Mrs. Johnson also gave Plaintiff a contrived warning for using profanity in the workplace."

**RESPONSE:**
Please see attached.

7.      All documents which support, or which you believe tend to support, Plaintiff's claim referenced in Paragraph No. 31 of the Complaint that "[Ms. Johnson's] contrived charges of late arrival time and unplanned paid days off (PDQ) ... were inaccurately reported to Human Resources."

**RESPONSE:**
Please see attached.

8.      All documents which support, or which you believe tend to support, Plaintiff's report "that Johnson was selling diet pills to employees at work and solicited Plaintiff to assist in this behavior against company policy, DOC policy, and various laws" contained in Paragraph No. 15 of the Complaint.

**RESPONSE:**
Please see attached.

9.     All documents which support, or which you believe tend to support, Plaintiff's assertion in Paragraph No. 18 of the Complaint that "[m]ultiple investigations have occurred as a result of these types of contrived allegations and Defendant is in possession of several witness statements and photographs of the clothing which allegedly violated these policies."

**RESPONSE:**
Other than what has been previously produced in Response Number 2, there are no documents responsive to this request in Plaintiff's possession, custody, or control.

10.    All documents which support, or which you believe tend to support, Plaintiff's assertion that "senior psychologist Dr. Mason attest[ed] in writing on May 4, 2018 (substantiated by two witnesses from security) that there were no issues with Plaintiff's outfit" as alleged in Paragraph No. 21.

**RESPONSE:**
Please see attached.  *Complaint date is May 4, 2018.  Actual date is May 14, 2018.

11.    All documents which support, or which you believe tend to support, the allegations of Paragraph No. 27 of the Complaint that "Ms. Johnson also specifically requested Ms. Francis Buss and Ms. (f/n/u) Stalnaker to falsify, embellish, or rewrite statements against Plaintiff and others."

**RESPONSE:**
Please see attached.

12.    The complete email chain as referenced in Paragraph No. 37 of the Complaint, and any drafts, forwards or replies to the same.

**RESPONSE:**
Please see attached.

13.    All documents which support, or which you believe tend to support, the allegations of Paragraph No. 28 of the Complaint that "Ms. Johnson enlisted her assistant Brandy Blocker to press employees for 'better' written statements, one of which Ms. Blocker requested from Mr. Francis Buss regarding Plaintiff. Ms. Blocker threatened to report Mr. Buss with the DOC major if she would not write an incident report against plaintiff."

**RESPONSE:**
There are no documents responsive to this request in Plaintiff's possession, custody, or control.

14.    All documents which support, or which you believe tend to support, the allegations of Paragraph No. 29 of the Complaint that "Defendant also targeted Hispanic employees Dr. Roman, Dr. Bayolo, and Dr. Cordero and subjected them to similar disparate treatment in the form of contrived allegations prompting them to resign, be terminated, or be relocated."

**RESPONSE:**
Please see attached.

15.    All documents which support, or  which you believe tend to support, Plaintiff's report referenced in Paragraph No. 14 of the Complaint alleging "disparate treatment including due to her 'ethnicity, cultural values ....' in the form of being singled for contrived warnings."

**RESPONSE:**
Please see attached.

16.    All correspondence with Human Resources, particularly Ms. Sarah Brus, Ms. Kathleen Douin, and Mr. Jessie Shipley, as referenced in Paragraph No. 34 and 35 of the Complaint.

**RESPONSE:**
Please see attached.

17.    All documents which support, or which you believe tend to support, the allegations of Paragraph No. 65 of the Complaint that "Plaintiff objected to, or refused to participate in, any activity, policy, or practice of the Defendant which is in violation of a law, rule, or regulation and/or reported the violation and gave the Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting."

**RESPONSE:**
Other than what has been previously produced in Response Number 2, there are no documents responsive to this request in Plaintiff's possession, custody, or control.

18.    All documents which support, or which you believe tend to support, the allegations of Paragraph Nos. 53, 60, and 67 that Plaintiff has suffered emotional distress, mental pain and suffering, expense, embarrassment , humiliation, damages to reputation, illness, and loss of capacity for the enjoyment of life.

**RESPONSE:**
Please see attached.

19.    All documents provided to the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations with regard to the allegations contained in the Complaint.

**RESPONSE:**
Please see attached.

20.    All diaries, calendars, personal notebooks, notes, journals, photographs or other such documents kept or maintained by you from January 1, 2016 to the date of your response hereto, including but not limited to documents which may be used by you to recall any events relating to the allegations set forth in the Complaint.

4

**RESPONSE:**
None, other than the documents produced responsive to other requests herein, have been identified at this time.

21.    To the extent not otherwise produced, all documents relating to your employment with Defendant, including any documentation that you removed from Defendant during your employment.

**RESPONSE:**
None, other than the documents produced responsive to other requests herein, have been identified at this time.

22.    To the extent not otherwise produced, all documents which may be used by you to recall any events relating to any of the allegations in the Complaint.

**RESPONSE:**
None, other than the documents produced responsive to other requests herein, have been identified at this time.

23.    All documents that support the claims for damages sought in the Complaint.

**RESPONSE:**
See response to 2 above.  In addition, and without limitation: please see attached.

24.    All documents related to your efforts to mitigate the damages that you have allegedly suffered.

**RESPONSE:**
Please see attached.

25.    All applications for employment that you've submitted since your employment with Defendant terminated.

**RESPONSE:**
Other than what has been previously produced in Response Number 24, there are no documents responsive to this request in Plaintiff's possession, custody, or control.

26.    All written, recorded or transcribed statements or affidavits from any witnesses who claim to have knowledge of any of the allegations in the Complaint.

**RESPONSE:**
Please see attached.

27.    All documents reflecting any communications or correspondence between you and any present or former employee or agent of Defendant on or after August 31, 2017 through the date of your response hereto.

5

**RESPONSE:**
Please see attached.

28.    All text messages, emails, phone logs between you and any current or former employee of Defendant that relate to your employment with Defendant.

**RESPONSE:**
In addition to what has been previously produced in Response Numbers 27, please see attached.

29.    All text messages, emails, phone logs between you and any current or former employee of the Florida Department of Corrections that relate to your employment with Defendant.

**RESPONSE:**
Other than what has been previously produced in Response Numbers 27 and 28, there are no documents responsive to this request in Plaintiff's possession, custody, or control.

30.    All documents identified, described, listed, referred to, consulted or used to respond to Defendant's First Set of Interrogatories to Plaintiff.

**RESPONSE:**
Please see attached.

31.    Your complete federal income tax returns, including W-2 and 1099 forms and any other schedules and attachments, for calendar years 2017 and 2018.

**RESPONSE:**
Please see attached.

32.    Produce a fully executed unemployment compensation records release form, which is attached hereto for your signature. Complete and attach the form to your response.

**RESPONSE:**
Please see attached.

33.    Produce a fully executed medical release form, which is attached hereto for your signature. Complete and attach the form to your response.

**RESPONSE:**
Plaintiff objects to each request to the extent that it seeks information that is confidential or which is not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

34.    Any documents not requested in the foregoing paragraphs, which support, or which you believe tend to support, any of the allegations contained in the Complaint.

**RESPONSE:**

None, other than the documents produced responsive to other requests herein, have been identified at this time.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
marie@mattoxlaw.com
susan@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record through the e-portal and electronic communication this 29th day of January 2020 to the attorneys listed below:

GREENBERG TRAURIG, P.A.
Cayla M. Page
Richard C. McCrea, Jr.
Catherine H. Molloy
pagec@gtlaw.com
mccrear@gtlaw.com
molloyk@gtlaw.com
101 E. Kennedy Blvd.
Suite 1900
Tampa, FL 33602

/s/ Marie A. Mattox
Marie A. Mattox

7

Filing # 103176791 E-Filed 02/12/2020 10:56:16 AM

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR WASHINGTON COUNTY, FLORIDA

MARIA GARCIA ARGUELLO COSBY,

     Plaintiff,

v.                               CASE NO. 19-CA-150

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION OF FLORIDA,

     Defendant.

_____/

**NOTICE OF SERVICE OF DEFENDANT'S REQUEST FOR ADMISSIONS
TO PLAINTIFF MARIA GARCIA ARGUELLO COSBY**

**PLEASE TAKE NOTICE** that the original of Defendant's First Request for Admissions to Plaintiff Maria Garcia Arguello Cosby has been furnished by electronic mail this 12th day of February, 2020 to:

> Marie A. Mattox
> MARIE A. MATTOX, P.A.
> 203 N Gadsden Street
> Tallahassee, FL 32301
> marie@mattoxlaw.com
> michelle2@mattoxlaw.com
> marlene@mattoxlaw.com

> Respectfully submitted,
> /s/ Catherine H. Molloy
> Richard C. McCrea, Jr.
> Florida Bar No. 351539
> Email: mccrear@gtlaw.com
> Catherine H. Molloy
> Florida Bar No. 33500
> Email: molloyk@gtlaw.com
> Cayla M. Page
> Florida Bar No. 1003487
> Email: pagec@gtlaw.com

GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

2

Filing # 103255596 E-Filed 02/13/2020 11:36:22 AM

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR WASHINGTON COUNTY, FLORIDA

MARIA GARCIA ARGUELLO COSBY,

      Plaintiff,

v.                            CASE NO.: 2019-CA-000150

MHM HEALTH PROFESSIONALS, LLC
d/b/a CENTURION OF FLORIDA,

      Defendant.

_____/

### NOTICE OF APPEARANCE AND DESIGNATION
### OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

The undersigned, **Adam Ellis**, now appears as additional counsel of record for Plaintiff.

Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), hereby designates his

primary and secondary e-mail addresses and requests that order, process, pleadings, and other

documents filed and served in this matter be served on him at the following addresses listed

below. Where service of hard copies is to be made in addition to the e-mail service, counsel

requests that the copies be served on him at the physical address listed below.

    Primary E-Mail Address:    adam@mattoxlaw.com

    Secondary E-Mail Address:    michelle2@mattoxlaw.com (for scheduling matters)
                              jervonie@mattoxlaw.com

                    Respectfully submitted,

                    /s/ **Adam Ellis**
                    Adam Ellis; FBN: 35628
                    MARIE A. MATTOX, P.A.
                    203 N Gadsden Street
                    Tallahassee, Florida 32301
                    Telephone: (850) 383-4800
                    **Attorney for Plaintiff**

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via electronic filing through the Florida Courts E-Filing Portal on this 13th day of February 2020 to all counsel on record.


/s/ **Adam Ellis**
Adam Ellis

2

Filing # 103259811 E-Filed 02/13/2020 12:12:36 PM

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR WASHINGTON COUNTY, FLORIDA**

**MARIA COSBY,**

      Plaintiff,

v.                                  CASE NO.: 2019-CA-150

**MHM HEALTH PROFESSIONALS,
LLC d/b/a CENTURION OF
FLORIDA,**

      Defendants.

_____/

**PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

      Plaintiff, through the undersigned counsel, hereby requests that Defendants produce for inspection and copying all documents herein that are in their possession, custody, or control, or otherwise available. This document production shall take place at the offices of **Marie A. Mattox, P.A., 203 North Gadsden Street, Tallahassee, Florida 32301**, or at such other place and time as may be mutually agreed upon by counsel for Plaintiff and Defendants within thirty days from service of this request or such earlier date as the parties may agree.

**DEFINITIONS AND INSTRUCTIONS**

      1.      The term "you" and "your" means the party or parties to whom this request is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

      2.      The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other business enterprise, governmental body, group of natural persons or the entity.

      3.      The term "document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters,

telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intraoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, statements transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing,), graphic or aural records or representations of any kind (including, without limitation, photographics, microfiche, videotape, records and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs and records).

4.      The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.   All documents available in electronic format should be produced electronically, in their native format, with all metadata and headers intact.

5.      All requests herein seek the production of documents in the possession and/or control of Defendant.

6.      The time period covered by this request is May 29, 2016 to present day unless otherwise stated in any individual request below.

## DOCUMENTS

1.      The entire personnel, tenure, promotion, disciplinary, attendance and leave, time, time cards, investigative, grievance and payroll files pertaining to Plaintiff, Tara Johnson, and Mental Health Professionals Mr. Jones, Mr. Alderman, Ms. Stalnaker, and Ms. Thompkins.

2.      All of Plaintiff's time and attendance records for Plaintiff's entire employment with Defendant.

3.      All schedules that show the daily and weekly hours that Plaintiff worked for Defendant during Plaintiff's employment with Defendant.

4.      Any and all documents pertaining to any reference provided by Defendant to any third party about Plaintiff after Plaintiff's employment with Defendant ended.

5.      Any and all documents pertaining to all investigations involving or initiated by any matter involving Plaintiff during the time period relevant to this action, including complete copies of all reports, with all attachments and relevant media files.  This request includes any investigations conducted by Sarah Brus regarding Plaintiff, and an investigations involving Plaintiff's attire, including photos thereof and witness statements.

6.      Any and all documents showing any complaint against Plaintiff during the entire course of Plaintiff's employment with Defendant.  These documents should be produced in

their original, unredacted form with sufficient information for Plaintiff to identify the complaining party.

7.     All policies and procedures applicable to Plaintiff's employment with Defendant, whether Plaintiff was provided with a copy of those procedures or not.

8.     All position descriptions for all positions held by Plaintiff during the entire course of Plaintiff's employment with Defendant.

9.     Each and every document describing disciplinary actions taken by Defendant against Plaintiff during the entire course of Plaintiff's employment with Defendant.

10.    The personnel and disciplinary files for all persons currently employed in Plaintiff's former position within Defendant.

11.    Any and all non-privileged documents showing disciplinary actions taken against current or former employees of Defendant other than Plaintiff during the time period applicable to this request under the same supervisor(s) as Plaintiff.

12.    Any and all email within Defendant's possession or control wherein Plaintiff's name is specifically referenced in the subject or body.  This request is *not* seeking any and all email which was merely sent from or received by Plaintiff's former email account.  This request is limited in time from April 1, 2017 to June 1, 2018.

13.    Any and all documents Defendant received through a public records request, Freedom of Information Act request, or other request to any third party related to Plaintiff.

14.    Any and all documents Defendant has provided to or received from the Florida Commission on Human Relations or EEOC pertaining to Plaintiff.

15.    Any and all documents Defendant has received through any third-party subpoena issued in this case.

16.    Any and all non-privileged documents Defendant has identified as pertaining to the claims by Plaintiff in this case, including documents Defendant has identified as supporting any defense to said claims.

17.    Any and all reports, correspondence, and other documents addressed to or received from the Florida Department of Labor, the Florida Commission of Human Relations, or any other federal, state, or local agency relating to Defendant's employment of Plaintiff, or to any claims made by Plaintiff against Defendant.

18.    Any and all documents referring or relating to the subject matter of this action which have been furnished to or received by Defendant's attorneys in connection with their defense of this action, except documents protected by a recognized privilege of non-production.

19.     Any and all transcripts, audio tapes, and video tapes (including depositions) obtained by Defendant involving Plaintiff, including, but not   limited to, workers' compensation hearings, unemployment compensation hearings, conferences, grievance hearings, and union grievances.

20.     Any and all documents supporting any disciplinary action against Plaintiff during the entire course of Plaintiff's employment with Defendant.

21.     Any and all documents showing the basis or reason for any disciplinary action against Plaintiff during the entire course of Plaintiff's employment with Defendant.

22.     Any and all non-privileged documents which Defendant has identified as pertaining to the claims by Plaintiff in this proceeding, including documents Defendant has identified as supporting any defense to said claims not otherwise referred to in the foregoing requests.

23.     Any and all documents which Defendant has identified to be used at trial other than as disclosed in Defendant's response to any foregoing requests.

24.     Any and all non-privileged statements obtained by you or your attorneys, either recorded or written, at the time of or subsequent to the incidents alleged in the complaint filed herein.

25.     Any and all documents showing any deficiency in Plaintiff's performance during the entire course of Plaintiff's employment with Defendant.

26.     Any and all documents showing any notice to Plaintiff of any deficiencies in Plaintiff's performance during Plaintiff's employment with Defendant.

27.     Any and all documents supporting or pertaining to any criticism any supervisor of Plaintiff has had about Plaintiff, or Plaintiff's work performance, during the entire course of Plaintiff's employment with Defendant.

28.     Any and all documents upon which Defendant relies to support any finding or conclusion that Plaintiff was not properly performing Plaintiff's job duties with Defendant at any time during Plaintiff's employment with Defendant.

29.     The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by Defendant in the instant case.

30.     All reports, studies, or commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by Defendant in the instant case.

31.     Any and all non-privileged documents which support or substantiate any or all of Defendant's affirmative defenses.

32.     Any and all policies and procedures which Defendant claims Plaintiff violated at any time during the entire course of Plaintiff's employment with Defendant.

33.     Any and all procedures, rules, or guidelines pertaining to Defendant's Equal Employment Opportunity policy or procedure applicable to Plaintiff's employment with Defendant.

34.     All non-privileged documents in any file kept or maintained by Defendant which specifically mention Plaintiff's name.

35.     All documents Defendant relied upon or reviewed in making any decision to discipline Plaintiff at any time during the entire course of Plaintiff's employment with Defendant.

36.     A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason (this list should identify each document by its name, date, author and recipient and specify the reason for withholding it from production). If there are documents responsive to any of the foregoing requests which you refuse to produce, please define or designate the documents in your response with sufficient particularity to allow Plaintiff to make a motion for a court order to require production of these documents.

        PLEASE TAKE NOTICE that Plaintiff will object to the introduction at trial of any document which is not produced in response to the foregoing requests and to any evidence about any requested document which has not been revealed by an appropriate response to this Request for Production of Documents.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing request for production has been furnished to all counsel of record via the e-filing portal this 13th day of February, 2020.

Respectfully submitted,

Adam Ellis; FBN 35628
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL   32301
Telephone:   (850) 383-4800
Facsimile:   (850) 383-4801
adam@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

Filing # 103259811 E-Filed 02/13/2020 12:12:36 PM

## IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR WASHINGTON COUNTY, FLORIDA

**MARIA COSBY,**

      Plaintiff,

v.                                 CASE NO.: 2019-CA-150

**MHM HEALTH PROFESSIONALS, LLC d/b/a CENTURION OF FLORIDA,**

      Defendants.

_____/

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

    Plaintiff demands that Defendant respond to the interrogatories appended hereto as Attachment "A" on or before March 13, 2020.

ATTACHMENT "A"
Plaintiff's First Interrogatories to Defendant

---

## MARIA COSBY v. MHM HEALTH PROFESSIONALS, LLC
## d/b/a CENTURION OF FLORIDA

### 2019-CA-150

---

1. Who provided the information and answers to these questions? (If more than one person provided information and answers, specify by question number who provided the information for that question. Do not limit the response to the person signing these interrogatories if that person is reporting information provided by others. Clearly specify the person(s) who provided the information set forth in each response.)

2. State the full name, race, gender, date of birth, last-known job title and last-known work telephone number of every person who can testify with reasonable specificity about Plaintiffs' claims in this lawsuit as alleged in the Complaint, and a summary of each person's knowledge. Plaintiff is not asking Defendant to admit any of these statements; Plaintiff is asking Defendant to tell Plaintiff who can address, respond to, confirm or rebut them.

3. State whether Plaintiff is eligible for reemployment with Defendant and whether Defendant would oppose a request by Plaintiff to be reinstated as an employee of Defendant, as an alternative to an award of front pay and, if Plaintiff is not, state fully each and every reason why.

4. As to any affirmative defense that is not a purely legal defense, state the full name and last known contact information of each person who can testify with reasonable specificity about each such defense, and be sure to list which defenses each such person can attest to.

5. State each position or title Plaintiff held while employed with Defendant, the position number for each position, the dates Plaintiff held each position or title, and the reasons for any changes of Plaintiff's position or title.

6. State the full name, race, gender, date of birth, last-known job title and last-known work telephone number of every person who was responsible, in whole or part, for absorbing Plaintiff's job duties, or replacing Plaintiff, after Plaintiff's separation from Defendant.

7. State each and every complaint Plaintiff made while employed by Defendant, the date of each complaint, the subject matter of each complaint, who each complaint was made to, and any corrective action taken by Defendant in response to each complaint.

STATE OF FLORIDA,
COUNTY OF WASHINGTON

The foregoing was acknowledged before me by _____ who is [ ]
personally known to me [ ] produced as identification, this ____ day of _____
2020.

_____
Notary Public, State of Florida
Printed Name:_____
Commission Expiration Date:_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served to all counsel of record via the e-filing portal this 13th day of February, 2020.

Respectfully submitted,

Adam Ellis; FBN 35628
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL   32301
Telephone:    (850) 383-4800
Facsimile:    (850) 383-4801
adam@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF